**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH P. FRANKENBERRY | CIVIL ACTION NO. 3:08-CV-01565 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE | |
| Defendants. | |

**MEMORANDUM ORDER**

Plaintiff Joseph P. Frankenberry, proceeding *pro se*, commenced this action by filing a Complaint (Doc. 1) on August 21, 2008 through which he seeks to obtain Federal Bureau of Investigation ("FBI") records pertaining to his arrest and conviction. Subsequently, on October 14, 2008, Plaintiff filed a Motion for Appointment of Counsel (Doc. 4) alleging that the prison law library at the State Correctional Institution at Fayette lacks fundamental research materials and is inadequate for Plaintiff to properly plead his case. Due to this alleged inadequacy, Plaintiff seeks to have this Court appoint counsel to assist him in pursuing his Complaint against the FBI and Department of Justice.

The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In a later case, the Court paid particular attention to the requirement that an inmate alleging a violation of *Bounds* must show an actual injury and noted that "[a]lthough *Bounds* itself made no mention of an actual-injury requirement, it can hardly be thought to have

eliminated that constitutional prerequisite." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This requirement "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id.* at 349.

> It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur. Of course, the two roles briefly and partially coincide when a court, in granting relief against actual harm that has been suffered, or that will imminently be suffered, by a particular individual or class of individuals, orders the alteration of an institutional organization or procedure that causes the harm.

*Id.* at 349-350. This distinction would, however, be obliterated if no actual or imminent harm were needed to invoke the intervention of the federal courts. *Id.* at 350

In his motion currently before this Court, Plaintiff alleges that the library at SCI-Fayette lacks particular legal volumes or resources that would be helpful in the Plaintiff's preparation of his case. The Plaintiff also notes that he has limited access to the library and often has difficulty using library computers as they are frequently not working or in use by another prisoner. However, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that the prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. In his motion, Plaintiff argues that the library contents, conditions, and availability make the presentation of his case difficult, but he does not allege that he has been denied the chance to pursue his claims in court. As the *Lewis* Court stated, "meaningful access to the courts is the touchstone" of the right vindicated in *Bounds*. *Id.* at 351. "[T]he inmate therefore must go one step further and demonstrate that the alleged

2

shortcomings in the library . . . hindered his efforts to pursue a legal claim." *Id.*

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* at 351.  Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354.  "The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  *Id.* at 355.

In this case, the Plaintiff has submitted both a Complaint and Motion for Appointment of Counsel satisfying the Court's *pro se* filings requirements.  Further, the Court cannot discern any evidence that the Plaintiff's ability to access this or other courts has been denied or placed in any immediate jeopardy by prison authorities or library personnel.  Without the presence or immediate threat of an actual injury to the Plaintiff's right to access the courts, this Court cannot grant his Motion for Appointment of Counsel.

**NOW,** this  21st day of October, 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge