# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. FRANKENBERRY,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:08-1565 |
| v. | : | (CAPUTO, D.J.) |
| | | (MANNION, M.J.) |
| **FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION[1]

Presently pending before the court are the following: (1) the plaintiff's motion for summary judgment, (Doc. No. 20); (2) the defendants' motion for summary judgment, (Doc. No. 29); (3) the plaintiff's motion for a temporary restraining order and/or preliminary injunction, ("TRO/PI"), (Doc. No. 45), and the plaintiff's second motion for appointment of counsel, (Doc. No. 48).

By way of relevant background, on August 21, 2008, the plaintiff filed the instant action pursuant to the Freedom of Information Act, ("FOIA"), 5 U.S.C. §§552, et seq. (Doc. No. 1). An answer to the complaint was filed on January 15, 2009. (Doc. No. 13).

On May 13, 2009, the plaintiff filed a motion for summary judgment,

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(Doc. No. 20), along with a supporting declaration, (Doc. No. 21), and brief, (Doc. No. 22). A brief in opposition to the plaintiff's motion for summary judgment was filed on May 29, 2009. (Doc. No. 23).

On October 8, 2009, the defendants filed their motion for summary judgment, (Doc. No. 29), along with a statement of material facts, (Doc. No. 30), and a brief in support. (Doc. No. 31). The plaintiff filed a brief in opposition to the defendants' motion for summary judgment on November 18, 2009, (Doc. No. 38), along with an answer to the defendants' statement of material facts, (Doc. No. 39).

On January 6, 2010, the plaintiff filed a motion for a temporary restraining order and/or preliminary injunction, (Doc. No. 45), along with a brief in support thereof, (Doc. No. 46). The defendants filed an opposing brief on January 19, 2010. (Doc. No. 47).

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury

could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is

3

some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

Upon request, FOIA mandates disclosure of records held by a federal agency, see 5 U.S.C. §552, unless the documents fall within enumerated exemptions. (see §552(b)). "[T]hese limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act," Department of Air Force v. Rose, 425 U.S. 352, 361 (1976); "[c]onsistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass," U.S. Department of Justice v. Tax Analysts, 492 U.S. 136, 151(1989); see also FBI v. Abramson, 456 U.S. 615, 630 (1982) ("FOIA exemptions are to be narrowly construed").

Under FOIA, an agency has a duty to conduct a reasonable search for responsive records. See Oglesby v. U.S. Department of Army, 920 F.2d 57, 68 (D.C.Cir.1990). The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984). To demonstrate the adequacy of its search, the agency should provide a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C.Cir.1999) (quoting Oglesby, 920 F.2d at 68).

Upon review, the sole basis of the plaintiff's motion for summary judgment is that the defendants failed to provide the required affidavit to establish the adequacy of their search in response to the plaintiff's FOIA request. (Doc. No. 22). The plaintiff's motion and supporting materials were filed prior to the deadline for the filing of dispositive motions. On October 8, 2009, prior to the expiration of the dispositive motion deadline, the defendants submitted their motion for summary judgment, in conjunction with which they have provided the required affidavit and supporting materials. As such, the

plaintiff's motion for summary judgment should be dismissed as originally premature and now moot.

With respect to the defendants' motion for summary judgment, the materials submitted therewith indicate that by letter dated November 13, 2006, the plaintiff submitted a FOIA/Privacy Act, ("PA"), request to the Federal Bureau of Investigation, ("FBI"), at its headquarters. In his letter, the plaintiff requested ". . . access to all records pertaining to U.S. v. Joseph P. Frankenberry, Nos. 81-2853 & 81-2854, U.S. District Court, M.D. of PA., . . ." In addition, the plaintiff requested

> ". . . all FD-302 & FD-36 statements, interviews (written or taped notes) including all photographs, taped conversations taken by FBI S/A's Dan P. Harelson, S/A Ronald E. Brinkley, S/A David J. Kwait, S/A James R. Peck, and any other Agents or S/A pertaining to the above cited records pertaining to all defendants who plead (sic) guilty to the Armed-Robbery of Platinum [C]obalt Alloy, valued @ $260,000.00 from Lancaster Metal Science Corp., 1695 Bate Street, East Petersburg, PA., on January 7, 1980, in regards to those defendants Charles Ralph Huey, James E. Huey, John Sullivan, Perry Ostroff and any others charged/convicted of that crime, including all investigative records compiled by the FBI @ FBI #360328F and FBI File No. 95-241933."

Finally, the plaintiff requested

> ". . . all FD-302 & FD-36 statements, interviews (written or taped notes) including all photographs, taped conversations taken by all FBI S/A described above regarding the below listed cases: Commonwealth v. Joseph Peter Frankenberry, Nos. 158 & 158 ½

of 1981, in the Court of Common Pleas, Fayette County, PA.; Commonwealth v. Phoeby Louise Tomasek, Nos. 159 & 159 ½ of 1981, in the Court of common Pleas, Fayette County, PA.; Commonwealth v. Elmer Wayne Younkin, Nos. 160 & 160 ½ of 1981, in the Court of Common Pleas, Fayette County, PA.; and, Commonwealth v. Joseph Peter Frankenberry, Nos. 168, 168 1/3 & 168 2/3 of 1981, in the Court of Common Pleas, Fayette County, PA."

The FBI acknowledged receipt of the plaintiff's request on December 18, 2006, and assigned FOIA/PA number 1065215.

On May 10, 2007, the FBI responded to the plaintiff regarding his request. The defendants' materials provide that the FBI processed a total of 321 pages responsive to the plaintiff's request. It released to the plaintiff a total of 267 pages with 102 pages being released in full and 165 pages released in part. Thirty-two pages were withheld in full under FOIA and 22 pages were not produced because they were duplicates. The plaintiff was advised that he could administratively appeal the response within 60 days, which he did. In doing so, the plaintiff indicated that the 267 pages were only responsive to part of his request and that he believed that there were other documents available. Subsequently, on August 28, 2008, the plaintiff filed the instant action.

In accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), the

defendants have submitted what is essentially a Vaughn index [2] – a detailed thirty-two page declaration which outlines the FBI's record-keeping system, the procedures used to search for records responsive to the plaintiff's request, and justifications for the withholding of certain information from these records pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. §552(a)(j)(2), and FOIA Exemptions 2, 6, 7(C), 7(D), and 7(E), 5 U.S.C. §§552(b)(2), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). Upon review, the court finds this sufficient to establish that the search for documents responsive to the plaintiff's request was adequate and "reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68.

In response to the defendants' materials, the plaintiff does not challenge the information withheld from the 267 pages of materials provided to him. Instead, in his one-page response to the defendants' motion for summary

---

[2] A Vaughn index is designed to "transform a potentially ineffective, inquisitorial proceeding against an agency that controls information into a meaningful adversarial process" by identifying each document withheld, the statutory exemption claimed, and a particularized description of how each document withheld falls within a statutory exemption. Coastal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 984 (3d Cir.1981); see also Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973). The justification for withholding provided by the agency in a Vaughn index may take any form as long as the agency offers a "reasonable basis to evaluate [it]s claim of privilege." Gallant v. NLRB, 26 F.3d 168, 172-73 (D.C.Cir.1994) (quoting Delaney, Migdail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C.Cir.1987)).

8

judgment, the plaintiff argues that the defendants responded only to that portion of his request related to the Lancaster Metal Science Corp. robbery, which he claims is only partially responsive to his FOIA request. The plaintiff argues that there are other documents pertaining to United States v. Joseph P. Frankenberry, Nos. 81-2853 (mail fraud and arson) and 81-2854 (conspiracy relating to interstate transportation of stolen goods) which are available. However, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." See Citizens Comm'n on Human Rights v. Food and Drug Admin., 45 F.3d 1325, 1328 (9th Cir.1995). Moreover, it is important to emphasize that "failure to turn up [specified] document[s] does not alone render the search inadequate." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n. 7 (D.C.Cir.1995). Although the plaintiff contends that letters attached to his administrative appeal and the instant complaint establish that additional documents exist, it is well settled that "[t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it." Williams v. U.S. Dept. of Justice, F.B.I., Civil Rights Section Unit, 177 Fed.Appx. 231 (3d Cir.

9

2006)(citing Miller v. United States Dep't. of State, 779 F.2d 1378, 1385 (8th Cir.1985)). Moreover, it may well be that the documents which the plaintiff seeks are not maintained at the FBI Headquarters where the plaintiff submitted his request. To this extent, the defendants' declaration provides that, in accordance with Department of Justice FOIA regulations, 28 C.F.R. §§16.3(a) and 16.41(a), FOIA/PA requesters are put on constructive notice that it is incumbent upon them to direct their requests to those FBI field offices most likely to maintain responsive records. The plaintiff's request was directed to FBI headquarters. As a result, the FBI's search efforts were limited to only those records maintained at that location.

Because the court finds that the defendants' materials establish that the search for documents responsive to the plaintiff's request was adequate and reasonably calculated to uncover all relevant documents, it is recommended that the defendants' motion for summary judgment be granted.

As for the plaintiff's motion for TRO/PI, pursuant to Fed.R.Civ.P. 65, the plaintiff seeks to have the court issue a TRO/PI against the Pennsylvania Department of Corrections and Jeffrey A. Beard, Secretary of the Department of Corrections, to refrain from transferring him from the jurisdiction of this court pending the instant litigation and to cease and desist from removing

legal reference materials from the main law library at SCI-Fayette. Neither the Pennsylvania Department of Corrections nor Secretary Beard are defendants in this litigation. Because a TRO/PI is binding only upon the parties to the action, the parties' officers, agents, servants, employees, and attorneys, and those in active concert with the parties, See Fed.R.Civ.P. 65(d)(2), the plaintiff's TRO/PI motion should be denied.

Finally, on January 28, 2009, the plaintiff submitted a second motion for appointment of counsel[3] to assist him with pursuing the instant action. In light of the instant report recommending summary judgment against the plaintiff on the merits of his claims, the court further recommends that his motion for appointment of counsel be dismissed as moot.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion for summary judgment, **(Doc. No. 20)**, be **DISMISSED**;

**(2)** the defendants' motion for summary judgment, **(Doc. No. 29)**, be **GRANTED**;

**(3)** the plaintiff's motion for a temporary restraining order and/or

---

[3] The plaintiff filed his initial motion on October 14, 2008, (Doc. No. 4), which was denied by order dated October 21, 2008, (Doc. No. 5).

preliminary injunction, **(Doc. No. 45)**, be **DENIED**; and

**(4)** the plaintiff's second motion for appointment of counsel, **(Doc. No. 48)**, be **DISMISSED AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 29, 2010
O:\shared\REPORTS\2008 Reports\08-1565-01.wpd