# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. FRANKENBERRY | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:08-cv-1565 |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE, | : | (JUDGE CAPUTO) |
| | : | (MAGISTRATE JUDGE MANNION) |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is Magistrate Mannion's Report and Recommendation ("R & R") of January, 29 2010 (Doc. 49) and Plaintiff Joseph P. Frankenberry's Objections to the Magistrate Judge's R&R (Doc. 52). Magistrate Judge Mannion recommended that Plaintiff's Motion for Summary Judgment be dismissed as originally premature and now moot, that Defendants' Motion for Summary Judgment be granted, that Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction be denied, and that Plaintiff's Motion for Appointment of Counsel be denied as moot. This Court will adopt in part and reject Magistrate Judge Mannion's recommendation and recommit the case to Magistrate Judge Mannion for the reasons set forth more fully below.

## BACKGROUND

On November 16, 2006, Plaintiff sent a Freedom of Information Act ("FOIA")/Privacy Act request to FBI Headquarters. (Doc. 31, Ex. A.) He requested all records pertaining to his previous criminal trial, as well as statements, interviews, photographs, and taped conversations pertaining to "all defendants who plead guilty to the Armed-Robbery of Platinum cobalt (sic) Alloy, valued [at] $260,000 from Lancaster Metal Science Corp . . . on

January 7, 1980." (Doc. 31, Ex. A.) He also sought any records in the possession of the FBI regarding his criminal proceedings in state court. (Doc. 31, Ex A.)

On December 16, 2006, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned him a Freedom of Information-Privacy Acts request number ("FOIPA number"). (Doc. 31, Ex. B.) On May 10, 2007, Plaintiff was informed that the FBI had performed a search for the documents he had requested that produced 321 documents, only 267 of which were to be released; the remaining documents were deleted "to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision." (Doc. 31, Ex. C.) Plaintiff administratively appealed the FBI's release and deletion of the documents on May 21, 2007. (Doc. 1.) The FBI never responded to the appeal,[1] and Plaintiff filed the Complaint in the instant suit on August 21, 2008, alleging violations of the FOIA, 5 U.S.C. §§ 552, 552a. (Doc. 1.)

Plaintiff filed a Motion for Summary Judgment on May 13, 2009. (Doc. 20.) Defendants also filed a Motion for Summary Judgment on October 8, 2009. (Doc. 29.) Along with their motion and brief, Defendants submitted a *Vaughn* index[2] written by David M. Hardy, Section

---

[1] The Department of Justice ("D.O.J.") claims that it does not have record of the appeal, but Plaintiff has produced a copy of a PS Form 3811 signed by a D.O.J. employee on June 18, 2007. (Declaration of David M. Hardy ("Hardy Declaration"), Doc. 31, Ex. C.) Although the FOIA requires exhaustion of administrative remedies before filing suit in district court, the administrative appeals pursuant to the FOIA are deemed constructively exhausted when an agency fails to timely respond to an FOIA request or appeal. *See Madden v. Runyon*, 899 F. Supp. 217, 225-26 (E.D. Pa. 1995). The FOIA requires an agency to make a determination with respect to any appeal within twenty days. 5 U.S.C. § 552(a)(6)(A)(ii).

[2] The Third Circuit Court of Appeals explained the *Vaughn* index as follows:

> The District of Columbia Circuit has developed FOIA procedures designed to allow informed adversarial argument, promote efficient judicial review at both the trial and appellate levels, and discourage conclusory claims of exemption. In the ordinary case, the agency must provide a detailed public justification for its claims of exemption. This justification must be accompanied by an index that "would correlate statements made in the Government's refusal justification with the actual portions of the document." *Vaughn v. Rosen*, 484 F.2d 820, 827

2

Chief of Record/Information Dissemination Section. (Doc. 31.) The Hardy Declaration explained the FBI's Central Records System and a summary of the "justification categories" for the exclusions, deletions, and excisions made in the records. (Hardy Decl. ¶¶ 11-24.) For each exemption claimed under the FOIA, the Hardy Declaration generally gave a one or two paragraph explanation of the exemption, made broad claims that the exemption applied to the documents sought by Plaintiff, and then referenced the pages where the exemption was claimed. (Hardy Decl. ¶¶ 25-60). The Hardy Declaration was accompanied by the documents that Plaintiff requested, with the exempted portions deleted and a corresponding reference to the exemption cited for that deletion. (See Doc. 31, Ex. C.)

In addition, Plaintiff has filed a Motion for Temporary Restraining Order and/or Preliminary Injunction seeking to enjoin the Pennsylvania Department of Corrections and the Secretary of the Pennsylvania Department of Corrections from removing legal reference materials from the main law library in the state correctional institution where he is located. (Doc. 45). Plaintiff also filed a Motion to Appoint Counsel. (Doc. 48.)

On January 29, 2010, Magistrate Judge Mannion issued an R & R recommending that Plaintiff's Motion for Summary Judgment be dismissed as premature, that Defendants' Motion for Summary Judgment be granted, that Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction be denied, and that Plaintiff's Motion for Appointment of Counsel be denied as moot. (Doc. 49.) Magistrate Judge Mannion's recommendation was based primarily on his finding that the Defendants had undertaken a search that was reasonably

---

(D.C.Cir.1973) *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1979).

*Lame v. United States Dept. of Justice*, 654 F.2d 917, 921 (3d Cir. 1981).

calculated to uncover all relevant documents, but did not discuss whether the Defendants proffered reasons for excluding certain information was justified.

On February 19, 2010, Plaintiff filed his Objections to the R & R; these objections centered around Plaintiff's claim that the Defendants had not turned over other relevant documents that they have in their possession and various failures to include certain procedural facts in the R & R. (Doc. 52.) On March 12, 2010, Defendants filed their Brief in Opposition to the Objections. (Doc. 55). Therefore, this matter is fully briefed and currently ripe for disposition.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*,

990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

**1.      Defendants' Motion for Summary Judgment**

The FOIA was enacted by Congress "to facilitate public access to Government documents." *United States Dept. of State v. Ray*, 502 U.S. 164, 173 (1991). The FOIA creates a strong presumption in favor of disclosure and requires the district court to conduct a *de novo* review of an agency's determination that requested information should be withheld. *Davin v. United States Dept. of Justice*, 60 F.3d 1043, 1049 (3d Cir. 1995). As such, agencies must make any requested documents promptly available unless the requested information is exempt from disclosure pursuant to one of the nine enumerated exemptions outlined in the FOIA. 5 U.S.C. § 552(b); *Davin*, 60 F.3d at 1049.

FOIA cases present a unique problem because "the party seeking disclosure does not know the contents of the information sought and is, therefore, helpless to contradict the government's description of the information or effectively assist the trial judge." *Ferri v. Bell*, 645 F.2d 1213, 1222 (3d Cir.1981), *modified*, 671 F.2d 769 (3d Cir.1982). To combat this problem, the agency is usually required to prepare a *Vaughn* index that identifies each document being withheld, the statutory exemption used to withhold or delete the information, "and a particularized description of how each document withheld falls within a statutory exemption." *Davin*, 60 F.3d at 1049 (citing *Coastal States v. Dept. of Energy*, 644 F.2d 969, 974 (3d Cir. 1981)). In order to be adequate, the *Vaughn* index "must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. Dept. of Justice*, 830 F.2d

5

210, 223-24 (D.C. Cir. 1987) (emphasis in original). Categorical descriptions of redacted material and categorical indications of anticipated consequences to disclosure is "clearly inadequate," especially in light of *Vaughn's* specificity burden which requires the agency to demonstrate the "applicability of the exemptions invoked *as to each document or segment withheld*." *Id.* at 224 (emphasis in original).

The Third Circuit Court of Appeals explained the importance and purpose of the *Vaughn* index as follows:

> Affidavits submitted by a governmental agency in justification for its exemption claims must therefore strive to correct, however imperfectly, the asymmetrical distribution of knowledge that characterizes FOIA litigation. The detailed public index which in *Vaughn* we required of withholding agencies is intended to do just that: "to permit adequate adversary testing of the agency's claimed right to an exemption," and enable "the District Court to make a rational decision whether the withheld material must be produced without actually viewing the documents themselves, as well as to produce a record that will render the District Court's decision capable of meaningful review on appeal." Thus, when an agency seeks to withhold information, it must provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."

*McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993) (quoting *King*, 830 F.2d at 217-18).

Occasionally, then, the *Vaughn* index submitted by the agency will not provide a sufficient factual basis for the district court to conduct a *de novo* review because it has an inadequate level of specificity. In such cases, the district court may order production of the excised material for *in camera* inspection, allow the plaintiff to engage in further discovery, or order the agency to supplement its *Vaughn* filings. *King*, 830 F.3d at 225. The decision to conduct an *in camera* review of the deleted or excised documents is discretionary. *Id.* at 218 n.68 (citations omitted).

6

In *Davin*, the FBI offered the declaration of one of its agents as its *Vaughn* index; the declaration described the FBI's generalized FOIA procedures, included a summary of the "justification categories," set forth an explanation of the justification categories used to redact the material, created a code system for each of these justifications, and then placed these three-letter codes next to the redacted portions of the documents. 60 F.3d at 1050. The Third Circuit Court of Appeals held that, while categorical *Vaughn* indices are not *per se* inadequate, any agency using justification codes "must also include specific factual information concerning the documents withheld and correlate the claimed exemptions to the withheld documents." *Id.* at 1051. The *Davin* court remanded the case to the district court and held that the index created by the FBI provided "no information about particular documents that might be useful in evaluating the propriety of the decision to withhold" and did not provide a sufficient factual basis from which the district court could rule on the applicability of the claimed exemptions. *Id.*

In the instant case, Defendants have used essentially the same categorical type of *Vaughn* index that was rejected by the Third Circuit Court of Appeals in *Davin*. There is no specific contextual link provided by the agency between the redacted material and the exemption claimed by Defendants. Without more, it is impossible for this Court to engage in a proper *de novo* review of the exemptions that Defendants seek to use as justification for withholding documents from Plaintiff. Therefore, Magistrate Judge Mannion's recommendation that Defendants' Motion for Summary Judgment be granted will be rejected. This case will be recommitted to Magistrate Judge Mannion so that a proper factual record can be developed, at which time Magistrate Judge Mannion shall recommend

whether summary judgment in favor of Defendants is appropriate based on the supplemented factual record.

### 2. Plaintiff's Motion for Summary Judgment

Magistrate Judge Mannion recommended that Plaintiff's Motion for Summary Judgment be denied "as originally premature and now moot." Certainly this motion is not moot since Defendants' summary judgment motion is being recommitted to Magistrate Judge Mannion. Nor is it clear how Plaintiff's motion is premature. Although the motion was filed well before the deadline for dispositive motions and focused much of its argument on the fact that Defendants had not provided a *Vaughn* index, that does not mean that the merits of Plaintiff's arguments do not warrant consideration.

Defendants argued in their brief in opposition to Plaintiff's Motion for Summary Judgment that summary judgment motions filed before an agency has had an opportunity to file its dispositive motions should be denied as premature. However, none of the cases cited by Defendant support this proposition, and this Court finds no support for taking such action. In the aforementioned brief, Defendants alternatively sought to have a decision on Plaintiff's Motion for Summary Judgment stayed until both parties' motions were ripe for disposition. This appears to be a more prudent course of action, particularly considering that FOIA cases generally tend to be resolved on summary judgment and do not proceed to trial. *See Manna v. United States Dept. of Justice,* 832 F. Supp. 866, 873 (D.N.J. 1993). However, because this case requires greater development of the factual record for this Court to conduct a *de novo* review of the Defendants' denial of Plaintiff's request, the summary judgment motions are not ripe for disposition at this time. Thus, Magistrate Judge Mannion's

8

recommendation that Plaintiff's Motion for Summary Judgment be dismissed as premature and/or moot will be rejected and Plaintiff's Motion for Summary Judgment will be recommitted to Magistrate Judge Mannion.

### 3. Motion for a Temporary Restraining Order/Preliminary Injunction

Magistrate Judge Mannion also recommended that Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction should be denied. Federal Rule of Civil Procedure 65(d)(2) states that only parties, the parties' officers, agents, servants, employees and attorneys, and other people who are in active concert with the parties and their officers or agents may be bound by injunctions and restraining orders. Neither the Pennsylvania Department of Corrections nor the Secretary of the Department Corrections are parties in this action, nor are they agents, officers, servants, employees or attorneys of the FBI or the D.O.J. Therefore, they cannot be bound by an injunction or restraining order in the instant suit. Therefore, Magistrate Judge Mannion's recommendation that Plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction be denied will be adopted.

### 4. Motion to Appoint Counsel

Magistrate Judge Mannion recommended that Plaintiff's Motion for Appointment of Counsel be denied as moot in light of the recommendation that summary judgment be granted against Plaintiff on the merits of his claims. As this Court is recommitting the summary judgment motions to Magistrate Judge Mannion, this motion is not moot. Thus, Magistrate Judge Mannion's recommendation that Plaintiff's Motion for Appointment of Counsel be denied is moot is rejected, and this motion is also recommitted to Magistrate Judge Mannion.

## **CONCLUSION**

For the foregoing reasons, the Court will adopt in part and reject in part Magistrate Judge Mannion's recommendation and recommit the case for further proceedings consistent with *Davin v. United States Dept. of Justice*, 60 F.3d 1043 (3d Cir. 1995). An appropriate order follows.


April 7, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. FRANKENBERRY | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:08-cv-1565 |
| v. | : | |
| | : | |
| FEDERAL BUREAU OF | : | (JUDGE CAPUTO) |
| INVESTIGATION and U.S. | : | |
| DEPARTMENT OF JUSTICE, | : | (MAGISTRATE JUDGE MANNION) |
| | : | |
| Defendants | | |

## ORDER

**NOW**, this  7th  day of April, 2010, after consideration of Magistrate Judge Mannion's Report and Recommendation (Doc. 49) and of Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 52), **it is hereby ORDERED** that the Magistrate Judge's Report and Recommendation is **REJECTED in part and ADOPTED in part** as follows**:**

1) The Recommendation that Plaintiff's Motion for Summary Judgment (Doc. 20) be denied is **REJECTED.**
2) The Recommendation that Defendants' Motion for Summary Judgment (Doc. 29) be granted is **REJECTED.**
3) The Recommendation that Plaintiff's Motion for a Temporary Restraining Order/ Preliminary Injunction (Doc. 45) be denied is **ADOPTED.**
4) The Recommendation that Plaintiff's Motion for Appointment of Counsel (Doc. 48) be denied as moot is **REJECTED**.
5) This case is **RECOMMITTED** to Magistrate Judge Mannion for further proceedings.

                                                   /s/ A. Richard Caputo
                                                   A. Richard Caputo
                                                   United States District Judge