# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. FRANKENBERRY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:08-1565 |
| v. | : | (CAPUTO, D.J.) |
| | | (MANNION, M.J.) |
| FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE, | : : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION[1]

By way of relevant background[2], by memorandum, (Doc. No. 88), and order, (Doc. No. 89), dated March 22, 2012, the district judge considered the undersigned's report on the parties' motions for summary judgment in the instant FOIA[3] action. In doing so, the plaintiff's motion for summary judgment, which challenged only the sufficiency of the defendants' search for documents responsive to his request, (Doc. No. 20), was denied. The defendants' motion

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] The extensive history of this action has been set forth in the district judge's memorandum dated March 22, 2012. (Doc. No. 88). Therefore, the complete history will not be reiterated herein, but only that which is necessary to the current disposition.

[3] Freedom of Information Act, 5 U.S.C. §552.

for summary judgment, (Doc. No. 29), which argued: (1) that the search for records responsive to the plaintiff's request was reasonable, and (2) that no documents were improperly withheld from the plaintiff, was granted in part and denied in part.

Specifically, the defendants' motion for summary judgment was granted in all respects, except with respect to documents withheld pursuant to exemption (b)(7)(E)-2, 5 U.S.C. §552(b)(7)(E)[4], excluding information related to FBI expenditures and Frankenberry-54[5]. The defendants were directed to make supplemental disclosures of documents withheld pursuant to this exemption. Defendants' motion for summary judgment was also denied with respect to documents withheld pursuant to the exemptions provided for in 5

---

[4]Section 552(b)(7)(E) provides exemption from disclosure for:

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosures could reasonably be expected to risk circumvention of the law.

[5]Documents identified as "Frankenberry-[page number]" refer to the bates stamped pages of information released to the plaintiff by the FBI in response to his FOIA request. These documents are appended to the defendants' brief in support of their motion for summary judgment filed on October 8, 2009. (Doc. No. 31). This particular page, Frankenberry-54, withheld information based, in part, upon the (b)(7)(E)-2 exemption.

U.S.C. §§(b)(2)[6], (b)(6)[7], (b)(7)(C)[8], and (b)(7)(D)-1[9], except for Frankenberry-58 and Frankenberry-60[10].

---

[6]Exemption (b)(2) shields from disclosure information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. §552(b)(2).

[7]Exemption (b)(6) permits an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personnel privacy." 5 U.S.C. §552(b)(6).

[8]Similar to exemption (b)(6), exemption (b)(7)(C) allows an agency to withhold "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(7)(C).

[9]Exemption (b)(7)(D) excepts from disclosure records or information compiled for law enforcement purposes, but only to the extent that the production:

> could reasonably be expected to disclose the identity of a confidential source, . . . which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. §552(b)(7)(D).

Exemption (b)(7)(D)-1 applies where the agency is withholding information claiming express assurances of confidentiality, whereas exemption (b)(7)(D)-2 applies where the agency is withholding information claiming implied assurances of confidentiality.

[10]In discussing exemption (b)(7)(D)-1, upon review of Frankenberry-58 and Frankenberry-60, the district judge determined that the materials clearly established an express grant of confidentiality and, therefore, granted the

(continued...)

3

The defendants were directed to review these documents to determine whether the information could properly be withheld pursuant to the claimed exemption in light of the court's discussion of the exemptions. If the defendants determined that they could not properly invoke the exemptions, they were directed to make a supplemental disclosure to the plaintiff. If the defendants continued to withhold documents under these exemptions, they were directed to provide additional evidence to the court demonstrating the applicability of the claimed exemption. The district judge held in abeyance any decision on a renewed motion for an order compelling answers to interrogatories filed by the plaintiff, (Doc. No. 72)[11], pending this report and recommendation as to whether the defendants properly withheld documents pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D)-1.

Upon remand, by order dated April 9, 2012, the undersigned directed that, within sixty days, the defendants make their supplemental disclosure to

---

[10](...continued)
defendants summary judgment on this basis. However as to the remainder of the pages on which the exemption was sought, the district judge found he was unable to determine whether the defendants properly withheld the documents under an express grant of confidentiality. (Doc. No. 88, p. 33).

[11]It is apparent that the district judge reserved ruling on the plaintiff's motion for himself pending the undersigned's report on the remaining matters; therefore, no recommendation has been made with respect to the plaintiff's motion to compel.

4

the plaintiff of documents withheld pursuant to exemption (b)(7)(E)-2 (except for information related to FBI expenditures and Frankenberry-54) and either make a supplemental disclosure to plaintiff of documents withheld pursuant to exemptions (b)(2), (b)(6), (b)(7)(C), and (b)(7)(D)-1 (except for Frankenberry-58 and Frankenberry-60) or provide additional evidence to the court demonstrating the applicability of the claimed exemption. (Doc. No. 90). In response to the above order, on June 6, 2012, the defendants filed the third supplemental declaration of David M. Hardy. (Doc. No. 91). Objections to the declaration were filed by the plaintiff on June 25, 2012. (Doc. No. 94).

In considering the supplemental documents filed by the parties, with respect to exemption (b)(7)(E), the FBI withheld several pages pursuant to this exemption as being related to techniques and procedures for law enforcement investigations which, if released, could be expected to risk circumvention of the law. These pages included Frankenberry-46, 48-49, 52, 54, 57-58, 60-61, 81-82, 89 and 94. In ruling on the defendants' motion for summary judgment, the district judge agreed that the FBI had properly withheld information in these pages which related to expenditures made in the course of investigating the plaintiff and, in addition, concluded that the information on Frankenberry-54 was properly withheld as a surveillance technique. Otherwise, it was found that reliance on (b)(7)(E)-2 was improper.

5

Defendants were directed to make a supplemental disclosure of documents which did not relate to expenditures or the surveillance technique. The third supplemental Hardy declaration provides that relevant pages asserting the exemption were again reviewed and that the exemptions asserted on Frankenberry-46, 48-49, 52 and 81-82 include information relating to money expenditures. Therefore, the information contained therein was not released to the plaintiff consistent with the court's order that information related to expenditures need not be released.

The court has reviewed these pages and agrees, based upon the context, that the redacted information clearly relates to expenditures and therefore is excludable in accordance with the court's prior ruling. With respect to the remaining pages, i.e., Frankenberry-57-58, 60-61, 89, 94, the declaration and attached exhibit establishes that the redactions have been removed and the pages were provided to the plaintiff. The court recommends, therefore, that the defendants be found in compliance with the directions of the court's prior memorandum and order regarding supplemental disclosure of these documents.

Concerning the (b)(2) exemption, as indicated by the district judge in his memorandum, subsequent to the undersigned issuing the second report in this action recommending that the defendants' motion for summary judgment

be granted with regard to the asserted (b)(2) exemptions, the Supreme Court issued its decision in <u>Milner v. United States Dep't of Navy, 131 S.Ct. 1259 (2011)</u>, which would directly effect the court's (b)(2) exemption analysis. In the third supplemental declaration, Mr. Hardy provides that the FBI has determined, based on the decision in <u>Milner</u>, that the (b)(2) exemption is no longer available for the information withheld and therefore the defendants withdraw their reliance on this exemption. However, in conjunction with the (b)(2)-1 exemption, the defendants asserted the (b)(7)(E)-1 exemption on eleven pages to withhold from disclosure information relating to FBI investigative techniques and procedures used on Form FD-515. In addition, in conjunction with exemption (b)(2)-2, the defendants asserted exemption (b)(7)(E)-2 on thirteen pages to withhold information relating to FBI investigative techniques and procedures generally. Finally, in conjunction with (b)(2)-3, the defendants asserted exemption (b)(7)(E)-3 on five pages to withhold polygraph information. In the March 22, 2012, memorandum, the district judge determined that the defendants had properly asserted the (b)(7)(E)-1 and (b)(7)(E)-3 exemptions. Because the defendants have been granted summary judgment with respect to these alternative exemptions, the information withheld pursuant to the (b)(2)-1 and (b)(2)-3 exemptions need not be disclosed. (<u>See</u> Doc. No. 88, pp. 39-40 n.12). In addition, as set forth

7

above, the court determined that the (b)(7)(E)-2 exemption was properly asserted with respect to FBI expenditures and Frankenberry-54, but not in other respects. The defendants have now released the redacted information not related to expenditures or surveillance techniques pursuant to (b)(7)(E)-2. It is therefore recommended that the court find that the defendants have withdrawn their reliance on the (b)(2) exemption in light of the Supreme Court's decision in Milner, supra, but find that the information subject to the (b)(2)-1 and (b)(2)-3 exemptions was properly withheld based upon the court's prior determination that alternative exemptions (b)(7)(E)-1 and (b)(7)(E)-3 were properly asserted, and moreover, as set forth above, that the defendants have provided proper supplemental disclosures of the information subject to the (b)(2)-2 exemption under the alternative (b)(7)(E)-2 exemption.

Next, the defendants rely on exemption (b)(6), in conjunction with (b)(7)(C), to withhold information that would or could reasonably be expected to constitute an unwarranted invasion of personal privacy. In considering these exemptions[12], the district judge set forth the standard for determining whether an agency properly withheld information pursuant to the (b)(7)(C)

---

[12]The district judge indicated that the court need not resolve the proper construction of the (b)(6) exemption resulting from Milner because the defendants also rely upon the (b)(7)(C) exemption, which is more protective of privacy and thus establishes a lower bar for withholding material. (Doc. No. 88, pp. 22-23 n.6).

exemption: "a request under a privacy based exemption such as 7(C) is a *de novo* balancing test, weighing the privacy interest and the extent to which it is invaded on the one hand, against the public benefit that would result from disclosure, on the other." (Doc. No. 88, p. 23) (quoting Davin v. U.S. Dep't of Justice, 60 F.3d 1043, 1058 (3d Cir. 1995)). To determine whether this exemption is properly invoked, the court must determine the relative strength of an individual's privacy interest. Id. As indicated by the district judge, it is settled in the Third Circuit that persons who are deceased do not have a privacy interest in their identities. Id. (citing McDonnell v. U.S., 4 F.3d 1227, 1257 (3d Cir. 1993)). Quoting Davin, the district judge indicated that when an agency asserts exemption (b)(7)(C):

> it is within the discretion of the district court to require an agency to demonstrate that the individuals upon whose behalf it claims the privacy exemption are, in fact, alive. In exercising its discretion, the district court should consider such factors as the number of named individuals that must be investigated, and the age of the requested records. If the number of individuals is not excessive, the agency could be required to determine whether the individuals are alive before asserting a privacy interest on their behalf. However, after a sufficient passage of time- such as in our case where pertinent investigations began over sixty years ago (and in McDonnell where the investigation began over seventy years before the FOIA requests) - the probability of the named individuals remaining alive diminishes. Under such circumstances, it would be unreasonable for the district court not to assume many of the individuals named in the requested records have died, thereby negating a privacy interest unless proving otherwise.

9

Id. at 24 (quoting Davin, 60 F.3d at 1059). It is only after the relative strength of a privacy interest asserted by the agency has been established that the district court must then identify the "public benefits" to be weighed against the privacy interest. Id. (citing Davin, 60 F.3d at 1059).

In the instant action, the district judge declined to adopt the report of the undersigned recommending that the defendants be granted summary judgment with respect to their assertion of the (b)(7)(C) exemptions finding that such a ruling would require the plaintiff to demonstrate a "public benefit" for disclosure of the information in advance of the agency establishing a privacy interest for withholding the material, which the court found was contrary to the statutory language of FOIA. Of concern to the district judge was whether the defendants could assert a privacy interest at all because the defendants had not provided any information as to whether the individuals subject to the (b)(7)(C) exemptions[13] are still alive. Because district courts have broad discretion to determine whether an agency must demonstrate that the individuals upon whose behalf it claims the privacy exemption are in fact

---

[13]The (b)(7)(C) exemptions apply to six categories of individuals: (1) FBI special agents and support employees; (2) third-parties who were of investigative interest; (3) third-parties merely mentioned; (4) local law enforcement personnel; (5) third-parties who provided information; and (6) non-FBI federal employees. The district judge discussed each category separately, but applied the same rationale and directive as to each.

alive, the district judge held that the defendants, in this case, must make an actual determination as to whether the individuals on whose behalf they are asserting the exemptions are living in order to invoke the exemption. (Doc. No. 88, pp. 28-29). The district judge, guided by Davin, determined that each category of the exemption would likely relate to a limited number of individuals, and thus requiring the defendants to identify whether these individuals are still alive before asserting the privacy interest would not pose an intolerable burden on the defendants. In addition, since the records which the plaintiff seeks are thirty years old, the district judge found that the age of the records would increase the likelihood that a number of the individuals named in the records have died, negating the privacy interest asserted by the defendants. Thus, the district judge remanded the action to the undersigned to provide the defendants with the opportunity to demonstrate whether a privacy interest exists, (i.e., demonstrate that the particular individuals are alive). To the extent that the defendants are unable to make such a showing, the district judge directed that they shall make any necessary supplemental disclosures.

In response to the district judge's directive, the third supplemental Hardy declaration provides that when initially responding the plaintiff's FOIA request, the FBI released the names of individuals who were confirmed as deceased

or who the FBI had reason to believe were deceased. When processing FOIA requests, the declaration provides that it is the policy of the FBI to review the birth date and/or date of investigation to determine whether an individual is living or deceased. In addition, the FBI relies upon institutional knowledge gained from prior FOIA requests or internal records to make this determination. In response to the March 22, 2012, memorandum and order of the district judge, the declaration provides that the FBI conducted another review of the names withheld pursuant to the (b)(7)(C) exemptions to determine whether additional names could be released. In doing so, the FBI also searched an external database named the "Consolidated Lead Evaluation and Reporting, ('CLEAR')," for possible information regarding the life/death status of the individuals whose names were withheld. The declaration provides that the database provided no assistance because a date of birth or social security number would be needed to obtain a specific match. In addition, with respect to special agents and support personnel, the declaration provides that the FBI determined that it was unable to release any additional information because the FBI does not have information regarding their life or death status. Along this line, the declaration provides that once an FBI special agent or administrative employee retires, the records are transferred to the Office of Personnel Management and, as a result, the FBI's

Human Resources has no way of searching the life/death status of retired employees.

Upon review, regardless of whether the undersigned determines that the defendants' attempts to determine the life/death status of the individuals whose names were withheld were reasonable[14], the defendants' response regarding the (b)(7)(C) exemptions does not comply with the district judge's directive. Specifically, in his discretion, the district judge directed that the defendants shall definitively determine whether the individuals whose names were withheld pursuant to the (b)(7)(C) exemptions are alive before the defendants can invoke the (b)(7)(C) exemptions on their behalf. If the defendants could not do so, the court directed that they were to provide supplemental disclosures. Because the third supplemental declaration

[14]Concerning those individuals who are not FBI employees, it appears that the FBI has made efforts to determine whether the individuals are alive. They have reviewed the records involved in this case, cross-referenced information from prior FOIA requests and internal records, and attempted to search the CLEAR database to determine the individuals' life/death status. Given the age of this case and the fact that these individuals are not in the federal system, it is unclear what more the FBI could do to track them down and determine their life/death status.

On the other hand, the court finds somewhat disingenuous the contention by the FBI that it cannot determine that life/death status of its own retired employees. Although Mr. Hardy's declaration provides that the records of these individuals are sent to the Office of Personnel Management upon retirement and cannot be searched by the FBI's Human Resources department, there has been offered no reason why the FBI could not request a simple life/death status from the Office of Personnel Management.

provides no new light on the life/death status of the individuals whose names have been withheld, the undersigned is bound by the district judge's memorandum of March 22, 2012, to find that the (b)(7)(C) exemptions cannot be invoked and is compelled to recommend that the defendants be required to make supplemental disclosures with respect to the information related to the asserted (b)(7)(C) exemptions.

Finally, with respect to the (b)(7)(D)-1 exemption, the defendants claimed this exemption to withhold confidential source information under an express assurance of confidentiality on nineteen pages. In order to withhold information under this exemption, "the agency is required to come forward with probative evidence that the source did in fact receive an express grant of confidentiality." (Doc. No. 88, p. 33) (citing Davin, 60 F.3d at 1061). This proof may take the form of declarations demonstrating the express grant of confidentiality, contemporaneous documents reflecting the express grant of confidentiality, evidence of a policy providing an express grant of confidentiality to certain sources, or other evidence comporting with the Federal Rules of Evidence. (Id.).

In this case, while the district judge determined that the exemptions asserted pursuant to (b)(7)(D)-1 on Frankenberry-58 and Frankenberry-60 clearly establish an express grant of confidentiality, the court found that it was

14

unable to make such a determination with respect to the remaining documents because the defendants had not presented contemporaneous documents evidencing express grants of confidentiality or evidence of a policy providing for a grant of confidentiality to specific sources of information. Instead, the district judge noted that the only evidence provided by the defendants relating to an express assurance of confidentiality are the statements set forth in the Supplemental Hardy Declaration, (Doc. No. 63). The district judge found that this did not satisfy the probative evidence standard and directed that the defendants on remand were to provide probative evidence of an express assurance of confidentiality in order to withhold information pursuant to exemption (b)(7)(D)-1.

In response to the district judge's directive, the third supplemental Hardy declaration provides that the FBI has reviewed the pages for which the (b)(7)(D)-1 exemption has been asserted and has determined that the individual who is discussed on Frankenberry-58 and Frankenberry-60 is the same individual who is referenced in all of the pages for which the (b)(7)(D)-1 exemption is being asserted. The defendants argue that, since the court granted summary judgment with respect to Frankenberry-58 and Frankenberry-60, it should apply the same holding to the remaining pages for which the exemption has been asserted. The court agrees. Since the

defendants have confirmed through their declaration that it is the same individual throughout the documents for whom the exemption is being asserted and this individual, as previously found by the district judge, clearly requested that his identity be protected when providing information, the exemption should be applied for each of the documents for which the exemption is asserted.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the court find that the defendants have provided proper supplemental disclosures with respect to those documents asserting the (b)(7)(E)-2 exemption;

**(2)** the court find that the defendants have withdrawn their reliance on the (b)(2) exemption in light of the Supreme Court's decision in Milner, supra, but find that the information subject to the (b)(2)-1 and (b)(2)-3 exemptions was properly withheld based upon the court's prior determination that alternative exemptions (b)(7)(E)-1 and (b)(7)(E)-3 were properly asserted, and moreover, as set forth above, that the defendants have provided proper supplemental disclosures of the information subject to the (b)(2)-2 exemption under the alternative (b)(7)(E)-2

exemption;

(3) the court find that the defendants be required to make supplemental disclosures with respect to the information related to the asserted (b)(7)(C) exemptions; and

4) the court find that the defendants have provided sufficient information to assert the (b)(7)(D)-1 exemption.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 31, 2012
O:\shared\REPORTS\2008 Reports\08-1565-03.wpd

17