**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH P. FRANKENBERRY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and U.S. DEPARTMENT OF JUSTICE,<br><br>Defendants. | CIVIL ACTION NO. 3:CV-08-1565<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MANNION) |

### **MEMORANDUM**

Presently before the Court is the Magistrate Judge's[1] Report and Recommendation (Doc. 100) to Defendants' motion for summary judgment. In this Freedom of Information Act ("FOIA") case, I previously granted in part and denied in part Defendants' motion for summary judgment. With respect to information withheld pursuant to FOIA exemptions 5 U.S.C. §§ 552(b)(2), (b)(6), (b)(7)(C), (b)(7)(D)-1 (except for Frankenberry-58 and Frankenberry-60), and (b)(7)(E)-2 (except for documents relating to FBI expenditures and Frankenberry-54), I denied Defendants' motion for summary judgment, recommitted the action to the Magistrate Judge, and ordered Defendants to provide additional evidence demonstrating a proper basis for withholding the requested information. Because the supplemental evidence supplied by Defendants demonstrates that the information was properly withheld pursuant to the claimed FOIA exemptions, Defendants' motion for summary judgment will be granted.

### **I. Background**

**A.    Factual Background**

As set forth in greater detail in my March 21, 2012 Memorandum and Order (Docs.

---

[1]    The caption reflects Judge Mannion's office as a Magistrate Judge when he issued the Report and Recommendation here under review. He has since become a United States District Judge.

88; 89), Plaintiff Joseph P. Frankenberry sent a FOIA/Privacy Act request to FBI Headquarters on November 16, 2006. (Doc. 31, Ex. A.) Plaintiff's request sought all records pertaining to his previous criminal trial, as well as statements, interviews, photographs, and taped conversations pertaining to "all defendants who plead guilty to the Armed-Robbery of Platinum cobalt (sic) Alloy, valued [at] $260,000 from Lancaster Metal Science Corp . . . on January 7, 1980." (*Id*. at Ex. A.) Plaintiff similarly sought records in the FBI's possession relating to his criminal proceedings in state court. (*Id*.)

On December 16, 2006, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned him a Freedom of Information-Privacy Acts request number ("FOIPA number"). (*Id*. at Ex. B.) On May 10, 2007, Plaintiff was informed that the FBI had performed a search for the documents he had requested. The search produced 321 documents, only 267 of which were to be released; the remaining documents were deleted "to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision." (*Id*. at Ex. C.) Plaintiff administratively appealed the FBI's release and deletion of documents on May 21, 2007. (*Compl.*) The FBI never responded to the appeal, and Plaintiff filed the Complaint in the instant action on August 21, 2008, alleging violations of the FOIA, 5 U.S.C.A. §§ 552, 552a. (*Compl.*)

Thereafter, both Plaintiff and Defendants filed motions for summary judgment. On April 7, 2010, I rejected the Magistrate Judge's recommendations to grant Defendants' motion for summary judgment and to deny Plaintiff's motion for summary judgment . (Doc. 56.) Instead, the matter was recommitted to the Magistrate Judge, and Defendants were ordered to file a supplement to their summary judgment motion. (Doc. 60.) After Defendants supplemented their motion and the Magistrate Judge issued recommendations on both Plaintiff and Defendants' summary judgment motions, I denied Plaintiff's motion and granted in part and denied in part Defendants' motion. With respect to Defendants' motion,

I noted:

> Defendants will be granted summary judgment as to the adequacy of their search, as to documents Frankenberry-54, Frankenberry-58, and Frankenberry-60, and to documents withheld pursuant to exemptions (b)(7)(D)-2, (b)(7)(E)-1, and (b)(7)(E)-3. Defendants will be denied summary judgment as to documents withheld under exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D)-1 (except for Frankenberry-58 and Frankenberry-60), and (b)(7)(E)-2 (except for documents relating to FBI expenditures and Frankenberry-54). Defendants shall determine whether the documents withheld pursuant to exemption (b)(7)(C) have properly been withheld based on a cognizable privacy interest as set forth above. Similarly, Defendants shall determine whether the documents withheld pursuant to exemption (b)(7)(D)-1 (except for Frankenberry-58 and Frankenberry-60) have been properly withheld based on an express assurance of confidentiality. If Defendants determine these documents may properly be withheld pursuant to these exemptions, Defendants shall provide Magistrate Judge Mannion with additional evidence establishing the proper basis for withholding this information. However, if Defendants determine that these exemptions are improperly asserted, Defendants shall make a supplemental disclosure of information to Plaintiff.

(Doc. 88, 39-40.) Thus, the matter was recommitted to the Magistrate Judge for the issuance of a Report and Recommendation following Defendants' production of supplemental evidence in support of their motion for summary judgment.

**B.    The Magistrate Judge's Report and Recommendation**

On September 4, 2012, the Magistrate Judge issued the Report and Recommendation recommending Defendants' motion for summary judgment be granted in part and denied in part. With respect to the documents withheld pursuant to 5 U.S.C. § 552(b)(7)(E), the Magistrate Judge recommends that summary judgment be granted to Defendants because proper supplemental disclosures have been provided with respect to the information asserting the (b)(7)(E)-2 exemption. That is, Defendants have now released the redacted information not related to expenditures or surveillance techniques pursuant to (b)(7)(E)-2.

As to exemption (b)(7)(C), the Magistrate Judge recommends that Defendants be required to make supplemental disclosures because Defendants' Third Supplemental Declaration (Doc. 91) fails to satisfy my directive that Defendants "shall definitively determine whether the individuals whose names were withheld pursuant to the (b)(7)(C)

3

exemptions are alive before the defendants can invoke the (b)(7)(C) exemptions on their behalf." (Doc. 100.) Since the Third Supplemental Declaration provides no new information on the life/death status of the individuals whose names have been withheld, the Magistrate Judge recommends that Defendants be required to make supplemental disclosures with respect to the information withheld pursuant to the (b)(7)(C) exemptions.

Lastly, with respect to the (b)(7)(D)-1 exemption, the Magistrate Judge noted that I previously determined that Defendants properly asserted this exemption as to Frankenberry-58 and Frankenberry-60. And, as the Third Supplemental Declaration confirms that the remaining documents claiming this exemption involve the same individual discussed on Frankberry-58 and Frankenberry-60, the Magistrate Judge recommends that summary judgment be granted as to the information withheld pursuant to the (b)(7)(D)-1 exemption.

### 1.     Plaintiff's Objections to the Report and Recommendation

On September 13, 2012, Plaintiff filed his objections to the Magistrate Judge's Report and Recommendation. In objecting to a number of the Magistrate Judge's recommendations, Plaintiff "incorporates his Exception/Objections to Third Supplemental Declaration of David M. Hardy, filed on June 15, 2012 (Doc. No. 94), as though set forth more fully herein." (Doc. 102.) Essentially, Plaintiff objects to the Magistrate Judge's recommendations to grant summary judgment to Defendants with respect to the (b)(7)(E)-2 and (b)(7)(D)-1 exemptions.

### 2.     Defendants' Objection to the Report and Recommendation

On September 21, 2012, Defendants filed a single objection to the Report and Recommendation.[2] In particular, Defendants object to the Magistrate Judge's

---

[2] Plaintiff requests Defendants' objection to the Magistrate Judge's Report and Recommendation be stricken from the record. Plaintiff argues that the Report and

4

recommendation that they be required to make supplemental disclosures with respect to the information withheld based on the asserted (b)(7)(C) exemptions. According to Defendants:

> the Magistrate Judge has misconstrued the district court's order. Although the court ordered that the plaintiff [sic] must make an actual determination as to whether these individuals are deceased or living, it did not consider a situation where defendant does not have sufficient information to make that determination.

(Doc. 103.) Other than their single objection, Defendants request that the Report and Recommendation be adopted and their motion for summary judgment be granted.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985);

---

Recommendation was signed on August 31, 2012, and, therefore, Defendants' objection was untimely filed on September 21, 2012. A review of the docket demonstrates, however, that the Report and Recommendation was not entered until September 4, 2012, and indicates that "Objections to the R&R due by 9/21/2012." Plaintiff's request to strike Defendants' objection will be denied.

5

Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

**A.     Plaintiff's Objections**

Plaintiff's objections to the Report and Recommendation will be overruled. Initially, Plaintiff's attempt to incorporate into his objections to the Report and Recommendations his exceptions/objections to the Third Supplemental Declaration (Doc. 94) is not permissible under the Middle District of Pennsylvania Local Rules. Specifically, Local Rule 7.8 provides that "[n]o brief may incorporate by reference all or any portion of any other brief." M.D. Pa. L.R. 7.8(a). To the extent that Plaintiff relies on his exceptions/objections to the Third Supplemental Declaration to object to the Report and Recommendation, Plaintiff's objections are not "specific" as required by Third Circuit precedent, *see, e.g., Goney*, 749 F.2d at 6, and I could simply review the Report and Recommendation for clear error or manifest injustice.

However, even upon a *de novo* review of the Report and Recommendation, and considering the exceptions/objections to the Third Supplemental Declaration while reviewing the Report and Recommendation, Plaintiff's objections will be overruled. First, with respect to the information withheld pursuant to exemption (b)(7)(E)-2,[3] it is clear that the information relates to money expenditures. And, because information related to expenditures made in the course of investigating Plaintiff may be withheld, *see, e.g., Concepcion v. FBI*, 606 F.

---

[3]     Under exemption (b)(7)(E), an agency may withhold records or information compiled for law enforcement purposes when production of the records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

6

Supp. 2d 14, 43-44 (D. D.C. 2009) (money used to purchase evidence may be withheld under exemption (b)(7)(E)), Defendants have properly excluded information on Frankenberry-46, 48-49, 52, and 81-82. Furthermore, as noted by the Magistrate Judge, the (b)(7)(E)-2 redactions on Frankenberry-57, 58, 60-61, 89, and 94 have been removed, and the information has been provided to Plaintiff. Thus, the Magistrate Judge's recommendation to grant summary judgment to Defendants as to the information withheld pursuant to exemption (b)(7)(E)-2 will be adopted.

Second, with respect to the information withheld pursuant to the (b)(2)-1 and (b)(2)-3 exemptions,[4] the Magistrate Judge correctly notes that Defendants have previously been granted summary judgment with respect to these documents pursuant to the alternately asserted (b)(7)(E)-1 and (b)(7)(E)-3 exemptions. As such, the information withheld pursuant to the (b)(2)-1 and (b)(2)-3 exemptions need not be disclosed.

Third, as to the information withheld pursuant to the (b)(7)(D)-1 exemption,[3] I previously determined that Frankenberry-58 and 60 were properly withheld under an express grant of confidentiality. However, as to the remaining documents claiming the

---

[4] The (b)(2) exemption shields from disclosure information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).

[3] Exemption (b)(7)(D) exempts from disclosure records or information compiled for law enforcement purposes to the extent production:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C.A. § 552(b)(7)(D).

(b)(7)(D)-1 exemption, I was unable to determine whether this information was withheld pursuant to an express grant of confidentiality. In the Third Supplemental Declaration, "the FBI has verified that the same individual who is discussed on Frankenberry-58 and 60 is also the individual discussed on the pages listed above for which the FBI has asserted Exemption (b)(7)(D)-1." (Doc. 91.) Based on this representation, the Magistrate Judge recommends that Defendants be granted summary judgment with respect to the remaining documents asserting the (b)(7)(D)-1 exemption. Because Defendants have confirmed through their declaration that the exemption is being claimed throughout the documents for an individual that I have previously determined provided information under an express grant of confidentiality, I will adopt the Magistrate Judge's recommendation. Defendants will be granted summary judgment as to the remaining documents asserting the (b)(7)(D)-1 exemption.

Accordingly, Plaintiff's objections to the Report and Recommendation will be overruled.

**B.    Defendants' Objection**

As noted, Defendants' sole objection to the Report and Recommendation is to the Magistrate Judge's recommendation to require supplemental disclosures with respect to the information withheld pursuant to the (b)(7)(C) exemptions. The (b)(7)(C) exemption allows an agency to withhold "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C.A. § 552(b)(7)(C).

The Third Circuit has set forth the following standard for determining whether information is properly withheld pursuant to exemption (b)(7)(C): "a request under a privacy based exemption such as 7(C) is a *de novo* balancing test, weighing the privacy interest and

8

the extent to which it is invaded on the one hand, against the public benefit that would result from disclosure, on the other." *Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1058 (3d Cir. 1995). Information, under exemption (b)(7)(C), is "private" if it is "intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-64, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989). It is settled in the Third Circuit that "persons who are deceased have no privacy in nondisclosure of their identities, so the Government should disclose information about them . . . ." *McDonnell v. United States*, 4 F.3d 1227, 1257 (3d Cir. 1993). However, "it is within the discretion of the district court to require an agency to demonstrate that the individuals upon whose behalf it claims the privacy exemption are, in fact, alive." *Davin*, 60 F.3d at 1059.

After the relative strength of a privacy interest asserted by the agency has been established, the district court must then identify the "public benefits" to be weighed against the privacy interest. *See Davin*, 60 F.3d at 1059. According to the Supreme Court, "the only relevant 'public interest in disclosure' to be weighed in this balance is the extent to which disclosure would serve the 'core purposes of the FOIA,' which is 'contributing significantly to public understanding of the operations or activities of the government.'" *United States Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495, 114 S. Ct. 1006, 127 L. Ed. 2d 325 (1994) (quoting *Reporters Comm.*, 489 U.S. at 775)). Thus, the requester must establish: "that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. [And,] the citizen must show the information is likely to advance that interest." *Nat'l Archives & Records Admin. v. Favish*, 541 S. Ct. 157, 172, 124 S. Ct. 1570, 158 L. Ed. 2d 319 (2004).

Based on this precedent, I stated in the March 21, 2012 Memorandum "that Defendants, in order to invoke exemption (b)(7)(C)-1 in this case, must make an actual

9

determination as to whether these individuals are deceased or living." (Doc. 88, 28-29.) And, applying my reasoning, the Magistrate Judge recommends that Defendants be required to make supplemental disclosures "[b]ecause the third supplemental declaration provides no new light on the life/death status of the individuals whose names have been withheld, the undersigned is bound by [the March 21, 2012 Memorandum] to find that the (b)(7)(C) exemptions cannot be invoked . . ." (Doc. 100.)

Defendants, as stated above, object to this recommendation. Specifically, Defendants argue that my prior decision "did not consider a situation where defendant does not have sufficient information to make that [life/death] determination." I agree with Defendants' understanding of the March 21, 2012 Memorandum. Although the Magistrate Judge correctly recognized that my prior decision stated that Defendants should determine the life/death status of individuals prior to asserting a privacy interest on their behalf, I did not contemplate a scenario where Defendants, after reasonable investigation, would be unable to make life/death determinations. For example, I indicated that identifying whether these individuals were deceased would "not pose an intolerable burden on Defendants," (Doc. 88, 29), without consideration of the possibility that the life/death status of these individuals would be unable to be ascertained based on the information in the relevant documents. Since this issue was not previously raised or addressed, my prior decision does not foreclose resolution of this issue.

While Defendants have not cited any Third Circuit precedent resolving this issue, the Court of Appeals for the District of Columbia Circuit, as noted by Defendants, has previously held that "'a court balancing public interest in disclosure against privacy interests must . . . make a reasonable effort to account for the death of a person on whose behalf the FBI invokes exemption 7(c).'" *Schrecker v. United States Dep't of Justice*, 349 F.3d 657, 662 (D.C. Cir. 2003) (quoting *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 33 (D.C.

10

Cir. 1998)). That is, "a court must assure itself that the Government has made a reasonable effort to ascertain life status." *Id*. And, once "the Government has satisfied its duty to investigate whether the relevant individuals are living or dead," it can then be determined if "the Government appropriately balanced public and private interests in withholding personal information under Exemption 7(C)." *Id*. at 665.

I am satisfied that Defendants made reasonable efforts to ascertain the life status of the individuals identified in these documents. As set forth in the Third Supplemental Declaration, with respect to the withheld names of non-FBI employees, Defendants reviewed the records in this case, cross-referenced information from prior FOIA requests and internal records, and attempted to search the Consolidated Lead Evaluation and Reporting Database. (Doc. 91, ¶ 11.) Because identifying information such as a date of birth or social security number is necessary to make a match using these databases, and such information is not contained in the responsive documents, Defendants could not verify the life/death status of the redacted names. (*Id*.) Moreover, according to Dennis J. Argall, the Assistant Section Chief of the Record/Information Dissemination Section of the Records Management Division at FBI Headquarters in Winchester, Virginia, the FBI could not make a life or death determination as to its retired employees because there is no additional identifying information for the names withheld. (Doc. 103, Ex. 1.) Thus, "even if a name were uncommon, without basic identifying information, *i.e.*, birth date or social security number, it is not possible for Human Resources or OPM to conduct a life/death status and verify that an individual with that name is the individual listed on the responsive pages in this FOIA case." (*Id*.) Based on the declarations provided by Defendants, "the Government has made reasonable use of the information readily available to it, and [ ] there [does not] exist reasonable alternative methods that the Government failed to employ." *Schrecker*, 349 F.3d at 662. Defendants, therefore, have adequately satisfied their obligation of demonstrating

a privacy interest in the documents withheld pursuant to the (b)(7)(C) exemptions.

Conversely, Plaintiff has failed to establish a public benefit in the disclosure of the withheld individuals' identities. Here, Plaintiff has not clearly articulated how the release of the names of these individuals would shed light on the operations or activities of the FBI. Instead, Plaintiff is simply seeking the disclosure of the identity of these individuals for his own sake unrelated to the interest of the public. *See Favish*, 541 U.S. at 172, 124 S. Ct. 1570.

Weighing the private interests that would be burdened by disclosure against the countervailing public interest in disclosure of the names appearing in the responsive documents, I am convinced that Defendants were justified in withholding information under the (b)(7)(C) exemptions. Defendants will therefore be granted summary judgment with respect to the documents withheld pursuant to these exemptions.

## IV. Conclusion

For the above stated reasons, the Magistrate Judge's Report and Recommendation will be adopted in part and rejected in part, and Defendants' motion for summary judgment will be granted.

An appropriate order follows.

January 9, 2013　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　United States District Judge